**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**JOHN HENRY FREDERICK,**

**Plaintiff,**

**vs.** **Case No. 4:20cv204-WS-MAF**

**WAKULLA CORRECTIONAL INSTITUTION ADMINISTRATION AND STAFF WORKERS, et al.,**

**Defendants.**

**_______________________________/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a hand-written complaint, ECF No. 1, complaint of negligence, harassment, "mockers of name callings; profanities; slandering" Plaintiff and his religious beliefs. Plaintiff requests monetary damages, as well as declaratory and injunctive relief, *id.* at 3-4, and he states that he is "seeking better reliefs [sic] concerning myself and others" and wants to certify this case as a class action lawsuit. *Id.* at 5.

Plaintiff also has filed a motion for appointment of counsel, ECF No. 2, but he did not file a motion seeking in forma pauperis status. More importantly, Plaintiff did not pay the filing fee to proceed with this case.

There is, however, no need to extend time for Plaintiff to correct deficiency because this case cannot proceed. Plaintiff is incarcerated within the Florida Department of Corrections and his complaint is a shotgun pleading, complaining about a multitude of different issues. Plaintiff specifically identifies only one prison official, but that person is not listed as a Defendant on the first page of the "complaint." Indeed, Plaintiff's grievance about that person, Sergeant Paden, is that she is unprofessional. Plaintiff has not alleged the violation of his constitutional rights. More importantly, Plaintiff has not alleged that he faces imminent danger of serious physical injury.

Notably, Plaintiff did not use the complaint form which is required by the Local Rules of this Court and which requires a pro se prisoner to disclose his prior litigation. Nevertheless, judicial notice is taken that Plaintiff has previously filed prior actions which have been dismissed on the grounds that they were frivolous, malicious, failed to state a claim, or sought monetary relief from a Defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff previously filed case number 6:18cv694-GAP-GJK in the Middle District of Florida.[1] It was dismissed in June 2018 for failure to state a claim. ECF Nos. 9-10 of that case. Similarly, Plaintiff also filed case number 6:17cv349-PGB-KRS in the Middle District of Florida. That case was dismissed in March 2017 because Plaintiff sought monetary damages from a federal judge (Judge Roy B. Dalton, Jr.) because the judge dismissed one of Plaintiff's prior cases. Since a judge has absolute judicial immunity and cannot be sued for damages, the case was summarily dismissed for failure to state a claim. ECF Nos. 3-4 of that case. In addition, Plaintiff filed case number 4:18cv482-WS-HTC which was dismissed in the Northern District of Florida in late March 2019 as malicious and an abuse of the judicial process because Plaintiff did not disclose all of his prior cases. ECF Nos. 18-29 of that case. Thus, Plaintiff has had at least three cases dismissed for reasons listed in 28 U.S.C. § 1915(e)(2)(B).

Furthermore, Plaintiff attempted to proceed in another case, 4:19cv332-AW-CAS, in this Court without paying the filing fee or submitting

---

[1] The Court has confirmed that each case cited was filed by the same Plaintiff, John Henry Frederick, with D.O.C. inmate number R17753.

an in forma pauperis motion. That case was summarily dismissed under 28 U.S.C. § 1915(g) because Plaintiff is not entitled to proceed with in forma pauperis status and he did not show that he is currently facing imminent danger as required by 28 U.S.C. § 1915(g).[2] The same result is appropriate in this case. There are no allegations that Plaintiff faces any danger of serious physical injury.

Furthermore, Plaintiff cannot bring this case as a class action because a prerequisite for class action certification is a finding by the Court that the representative party can "fairly and adequately protect the interest of the class." FED. R. CIV. P. 23(a)(4). It is well established that a pro se plaintiff "cannot be an adequate class representative." Gray v. Levine, 455 F. Supp. 267, 268 (D. Md. 1978) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)). "[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" Oxendine, 509 F.2d at 1407 (quoted in Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)). Courts within the Eleventh Circuit have repeatedly

[2] That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

declined to allow pro se prisoners to litigate a case on behalf of other prisoners. Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (holding that a pro se litigant "cannot bring an action on behalf of his fellow ... inmates"); Bass v. Benton, 408 F. App'x 298, 299 (11th Cir. 2011) (affirming dismissal of former prisoner's pro se § 1983 class action because a pro se plaintiff may not represent fellow inmates) (citing Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008)). Accordingly, Plaintiff cannot pursue this case as a class action.

This case should be summarily dismissed because Plaintiff has had three prior cases dismissed which count as "strikes" and he has not shown that he faces imminent danger of serious physical injury. Dismissal should be without prejudice to Plaintiff submitting a complaint in a new case for which he pays the full $400.00 filing fee at the time of case initiation. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.* Should Plaintiff contend that he is in imminent danger of serious physical injury, Plaintiff must initiate a new case, limited to only

such an allegation, and either pay the filing fee or file an appropriate in forma pauperis motion simultaneously with his complaint.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $400.00 filing fee because Plaintiff is not facing imminent danger. It is further recommended that all pending motions be **DENIED**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 28, 2020.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**